REQUESTED BY: Dear Senator Schmit:
You have asked our opinion as to the constitutional validity of LB 283. Your question, specifically, is whether the bill is so vague and uncertain as to be invalid. We conclude that the bill is certainly subject to that charge, and that a court might well hold it unenforceable for that reason.
The bill provides that in any city of the metropolitan class, the pension or retirement system for policemen and firemen shall provide, as a minimum, that a policeman or fireman with 25 years of service may retire at age 50. Section 3 provides that the minimum pension for a person so retiring shall be 50 percent of total compensation at the time of retirement.
Section 4 provides that contributions necessary to provide funding for increased benefits provided by sections 2 and 3 shall be borne by the employees in the pension system, and section 6 provides that contributions to fund the increased benefits, both prior service and future service, shall be established by periodic actuarial valuations and borne by the employees.
The first question that arises is, what is meant by `total compensation at the time of retirement?' Is it to be compensation paid for the last month of employment, the last year, or what? You inform us that the present Omaha system determines total compensation by the highest twelve month period during the last five years of employment. Section 3 does not, however, appear to continue that basis, since it speaks of compensation `at the time of retirement.' We are uncertain as to what periods should be used.
Further, the act does not specify what shall be included as compensation. While we are not familiar with Omaha employment practices, most public employees have specified vacation and sick leave allowances, and provision is made for payment of unused vacation and sick leave at the time of retirement. The last month may also include overtime, and, if it is to his advantage, an employee might be able to put in considerable overtime just before retirement. If total compensation includes overtime and payment for accumulated vacation and sick leave, and if the period involved is the last month, it might amount to several times the employee's regular salary, so that 50 percent of it would be far in excess of what the employee received while he was working. The court might well hold that the failure to answer these questions was fatal to the bill.
The provisions about contributions by the employees also need clarification. We assume that the increased benefits to be paid create a deficit in the retirement fund for persons who have served prior to the effective date of the act, and who will hereafter retire without sufficient contributions having been made to fund the benefits to be paid to them. Over what period of time is that deficit to be made up by contributions by the employees? Section 6 says that the contribution shall be established by `periodic actuarial valuations,' but does really answer our questions. Is the deficit to be paid the first month, the first year, the first ten years, or the first twenty years after the effective date of the act? The bill does not say.
In Safeway Stores, Inc. v. Nebraska Liquor ControlCommission, 179 Neb. 817, 140 N.W.2d 668 (1968), the court quoted from State v. Nelson, 168 Neb. 394, 95 N.W.2d 678, to the effect that a legislative act which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law. While the void-for-vagueness doctrine is most commonly invoked in criminal statutes, it has also been applied as to civil statutes.
We believe that is serious doubt that the bill can be successfully defended against a void-for-vagueness attack.